UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
EDEN FOODS, INC., a Michigan corporation,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                             14-CV-3222 (MKB)
                    v.

DAVID BAKSHT, a New York resident, doing
business as, KOSHER FOOD GROUP, INC.

                        Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Eden Foods, Inc., commenced the above-captioned action on May 23, 2014, against Defendant David Baksht, doing business as Kosher Food Group, Inc., alleging trademark infringement, unfair competition, and trade name infringement. (Compl., Docket Entry No. 1.) On June 10, 2014, Defendant, proceeding *pro se*, answered the Complaint, demanding a trial by jury "on all issues," and asserting that he "reserves the right to file counterclaims for abuse of process[,] and motions for sanctions" under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). (Answer, Docket Entry No. 7.) On July 2, 2014, Plaintiff moved to strike Defendant's jury demand. (Mot. to Strike, Docket Entry No. 12.) The Court referred Plaintiff's motion to strike to Magistrate Judge Vera Scanlon for a report and recommendation. (Order dated August 29, 2014.) By report and recommendation issued on December 10, 2014 ("R&R"), Judge Scanlon recommended that the Court (1) grant Plaintiff's motion to strike Defendant's jury demand, and (2) dismiss Defendant's motion for sanctions, without prejudice to refile as a motion if Defendant complies with the procedural requirements under Rule 11. (R&R, Docket Entry No. 25.) On December 24, 2014, Defendant filed an "opposition" to Judge Scanlon's

R&R, stating that he was "strongly opposed" to the R&R "for [the] reasons stated in [his] demand[] for jury trial and a 'myriad of other reasons,'" which he did not specify. (Def. Obj. 1, Docket Entry No. 26.) Defendant also requested an extension of time to "more fully" state his objections. (*Id*.) At a motion hearing before the Court on January 21, 2015, the Court granted Defendant's request for an extension to file additional objections to the R&R. No subsequent objections were filed. For the reasons set forth below, the Court adopts Judge Scanlon's R&R in its entirety.

I. **Standard of Review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."). In addition, "'[w]here objections consist of conclusory or general arguments, or simply reiterate the original arguments, or are merely an attempt to engage the district court in rehashing of the same arguments set forth

in the original petition,' the Court reviews [an R&R] for clear error." *King v. City of New York*, No. 12-CV-2344, 2014 WL 39553621, at *2 (E.D.N.Y. Sept. 30, 2014) (quoting *Jemine v. Dennis*, 901 F. Supp. 2d 365, 371 (E.D.N.Y. 2012) (alterations in original); *see also Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" under the Federal Rules of Civil Procedure.).

## II. Discussion

As an initial matter, Defendant has not adequately objected to the R&R. Although Defendant has stated that he opposes the R&R, he has failed to provide any explanation for his objection, relying entirely on the reasons he argued before Judge Scanlon. Because Defendant has made only a general objection, reiterating his original arguments, the Court reviews the R&R for clear error. *See King*, 2014 WL 39553621, at *2; *Williams v. City Univ. of N.Y.*, No. 13-CV-1055, 2014 WL 4207115, at *1 (E.D.N.Y. Aug. 25, 2014) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011))). Having reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Scanlon's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). As Judge Scanlon concluded, neither Plaintiff's trademark claims nor Defendant's counterclaims gives rise to a right to a jury trial, and accordingly, Plaintiff's motion to strike is granted.

### a. **Plaintiff's trademark claims do not give rise to a jury trial**

The Seventh Amendment to the United States Constitution grants the right to trial by jury only for "[s]uits at common law, where the value in controversy shall exceed twenty dollars."

U.S. Const. Amend. VII. It is well-settled that "[s]uits at common law" means "suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)) (internal quotation marks omitted); *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005). Claims for injunctive relief in trademark-infringement cases, such as the claims here, are equitable in nature and do not give rise to a right to trial by jury. *See e.g.*, *Overbeck Corp. v. Overbeck GmbH*, No. 03-CV-844, 2007 WL 1029025, at *4 (E.D.N.Y. Mar. 30, 2007) (finding that plaintiff was not entitled to a jury trial where the only surviving claims in trademark infringement case sought injunctive relief); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 645 (S.D.N.Y. 2005) (finding that because the plaintiff's remaining claims only sought equitable relief, there was no right to jury). Nor does Plaintiff's demand for attorney's fees under the Federal Trademark Act, 15 U.S.C. § 1117(a), entitle Defendant to a jury trial since such an award is equitable in nature. *See* 15 U.S.C. § 1117(a) (describing an award of attorney's fees under the Federal Trademark Act as "subject to the principles of equity"); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 136, 149 (S.D.N.Y. 2000) ("[T]he decision whether to award attorneys' fees [in Federal Trademark Act case] is a matter for the court, not the jury."); *Nikon, Inc. v. Ikon Corp.*, 803 F. Supp. 910, 928 (S.D.N.Y. 1992) ("[A]n award of attorney's fees under [the Federal Trademark Act] is equitable in nature and is to be decided by the court, and not by a jury.").

    **b.  Defendant's counterclaim does not give rise to a jury trial**

A counterclaim may give rise to a right to trial by jury, if it seeks a legal remedy. *See Lee Pharms. v. Mishler*, 526 F.2d 1115, 1116 (2d Cir. 1975) (finding that counterclaim for money

damages under the Lanham Act does give right to a jury trial); *Mastercard Intern., Inc. v. Arbel Corp.*, No. 86-CV-6801, 1989 WL 125781, at *3 (S.D.N.Y. Oct. 18, 1989) (dismissing motion to strike jury demand and finding that the defendant's counterclaim for money damages entitled it to a jury trial). However, as Judge Scanlon concluded, Defendant's request for sanctions pursuant to Rule 11 is not a "counterclaim," but rather a motion, and thus, does not entitle Defendant to a jury trial. *See* Fed. R. Civ. P. 11(c) (describing requirements for motion for sanctions). Moreover, because Defendant failed to abide by the procedural requirements for bringing a motion for sanctions under Rule 11, the Court dismisses his motion without prejudice to renew for the reasons set forth in Judge Scanlon's R&R. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002) (finding that district court abused its discretion when it awarded sanctions "in contravention of the explicit procedural requirements of Rule 11"); *Sanchez v. Local 660, United Workers of Am.*, 25 F. Supp. 3d 261, 267–68 (E.D.N.Y. 2014) (denying motion for sanctions because party did not abide by the procedural requirements prescribed in Rule 11). Accordingly, this action presents no claim that would entitle Defendant to a trial by jury.[1]

---

[1] Defendant states in his Answer that he "reserves the right to file counterclaims for abuse of process and motions for rule 11 sanctions as the [sic] more evidence is gathered regarding the filing of the Complaint." (Answer ¶ 3.) For the reasons stated above, Defendant's motion for sanctions under Rule 11 is dismissed, and does not give rise to the right to a jury trial. It is unclear, however, whether Defendant intended to allege a separate counterclaim for abuse of process. To the extent that Defendant is alleging abuse of process as a separate cause of action, such a counterclaim is dismissed for failure to state a claim for relief as the Answer contains insufficient factual allegations to support a claim for abuse of process. *See Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, No. 13-CV-1101, 2014 WL 625390, at *6 n.7 (S.D.N.Y. Feb. 14, 2014) ("'[T]he Court has the power, pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure] to *sua sponte* dismiss Defendant['s] counterclaim for failure to state a claim on which relief may be granted.'" (alteration in original) (quoting *Jackson Hewitt Inc. v. Excellent Prof't Servs. LLC*, No. 08-CV-5237, 2010 WL 5665032, at *8 (E.D.N.Y. Aug. 6, 2010), *report and*

**III. Conclusion**

For the foregoing reasons, the Court adopts the R&R in its entirety. Plaintiff's motion to strike Defendant's jury demand is granted. Defendant's motion for sanctions under Rule 11 is dismissed without prejudice to renew.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 25, 2015
      Brooklyn, New York

---

*recommendation adopted as modified on other grounds*, 2011 WL 317969 (E.D.N.Y. Jan. 31, 2011)).